**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46961-8-II |
| Respondent, | |
| v. | |
| OSMAR GUILLEN-VAZQUEZ, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Osmar Guillen-Vazquez appeals the sentence imposed following his conviction for first degree child molestation,[1] arguing that the trial court entered contradictory orders regarding contact with his daughter, the victim of his crime.[2] Concluding that the orders are not contradictory, we affirm.

The trial court sentenced Guillen-Vasquez to 75 months of confinement, followed by community custody for life, but suspended the term of confinement under the special sex offender sentencing alternative, RCW 9.94A.670. Section 4.5 of Guillen-Vasquez's judgment and sentence provides,

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] Guillen-Vasquez was also convicted of bail jumping, but that conviction is not relevant to his appeal.

> The defendant shall not have contact with <u>RG (female, 7/21/2001)</u> including, but not limited to, personal, verbal, telephonic, written or contact through a third party for life (which does not exceed the maximum statutory sentence).

Clerk's Papers (CP) at 69.[3]

> Paragraph 6 of the stipulated conditions of sentence/community custody provides,

> You shall not have any direct or indirect contact with the victims, including but not limited to personal, verbal, telephonic, written, or through a third person without prior written permission from the community corrections officer, the therapist, the prosecuting attorney, and the court only after an appropriate hearing. This condition is for the statutory maximum sentence of life, and shall also apply during any incarceration.
> VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE UNDER CHAPTER 7.90 RCW AND 26.50 RCW AND WILL SUBJECT THE VIOLATOR TO ARREST.

CP at 75.

Guillen-Vasquez argues that the trial court erred in imposing the no-contact order contained in section 4.5 because it contradicts the no-contact order contained in paragraph 6. But they are not contradictory. Upon a defendant's conviction for a sex offense, RCW 7.90.150(6) requires the trial court to enter an order prohibiting contact with the victim for the duration of the terms of imprisonment and community custody. Under RCW 9.94A.507(6)(b), RCW 9A.44.083(2), and RCW 9A.20.021(1)(a), the duration of Guillen-Vasquez's term of community custody is life. Therefore, the court was required to impose a lifetime no-contact order. But consistent with RCW 7.90.150(6), paragraph 6 gives Guillen-Vasquez an opportunity to ask the court to permit him contact with his daughter in the future. Guillen-Vasquez does not demonstrate a contradiction.

---

[3] The court also entered a separate sexual assault protection order prohibiting Guillen-Vasquez from contact with his daughter "directly, indirectly or through third parties" for life. CP at 83. That order also allows for the court to change the order.

Guillen-Vasquez also argues that the trial court erred in imposing a lifetime no-contact order because it did not give a reason for the duration of the order. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 381-82, 229 P.3d 686 (2010). But *Rainey* is inapposite, because it involved a no-contact order entered as part of a domestic violence sentence, not a sexual assault protection order. And as addressed above, the court was required to impose a lifetime sexual assault protection order.

We affirm Guillen-Vasquez's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

Bjorgen, J.

BJORGEN, J.

Sutton, J.

SUTTON, J.